IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **BRIANNE DRESSEN**, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **ROB FLAHERTY,** *et al.*, <br><br> *Defendants*. | Civil Action No. 3:23-cv-155 |

# JOINT STATUS REPORT

Pursuant to the Court's Order dated September 8, 2023, the parties hereby respectfully submit the following Joint Status Report proposing future proceedings in this matter.

## Status of *Missouri v. Biden*

On September 8, 2023, shortly after this Court granted Defendants' motion to stay these proceedings, the Fifth Circuit issued its *per curiam* decision regarding the appeal of the preliminary injunction issued in *Missouri v. Biden*, No. 23-30445. In its ruling, the Fifth Circuit affirmed the district court's judgment only with respect to the White House, the Surgeon General, the CDC, and the FBI. Further, the Fifth Circuit vacated the preliminary injunction except for prohibition number six of the injunction, which the Fifth Circuit modified as follows:

> Defendants, and their employees and agents, shall take no actions, formal or informal, directly or indirectly, to coerce or significantly encourage social-media companies to remove delete, suppress, or reduce, including

1

through altering their algorithms, posted social-media content containing protected free speech.  That includes, but is not limited to, compelling the platforms to act, such as by intimidating that some for of punishment will follow a failure to comply with any request, or supervising, directing, or otherwise meaningfully controlling the social-media companies' decision-making processes.

On September 14, 2023, the *Missouri* defendants filed with the Supreme Court an application to stay the preliminary injunction, as modified by the Fifth Circuit. That same day, the Supreme Court issued an order to administratively stay the preliminary injunction until 11:59 p.m. (EDT) on September 22, 2023.  The *Missouri* parties have submitted briefing with respect to whether the injunction should be stayed.  On September 22, 2023,  the Supreme Court extended the stay until 11:59 p.m. (EDT) on September 27, 2023.

**Plaintiffs' Position**

It is Plaintiffs' position that, with the Fifth Circuit's issuance of its decision with respect to the preliminary injunction issued in *Missouri v. Biden*, the stay of this action has been lifted, and the case should be permitted to proceed.  This Court noted in its Order to stay the proceeding that, if the *Missouri* injunction were to be permitted to go into effect, Plaintiffs would "thereby obtain much of the relief they seek."  ECF No. 30.  However, the preliminary injunction, as modified by the Fifth Circuit, applies only to White House, the Surgeon General, the CDC, and the FBI, meaning that it would not apply to half of the Defendants in this case, including: the Department of Health and Human Services, Xavier Becerra, the Department of Homeland Security, Alejandro Mayorkas, the Cybersecurity and Infrastructure Security Agency, Jen Easterly, and the

2

Stanford Defendants. Accordingly, any further stay of this proceeding pending resolution of the *Missouri* preliminary injunction would unduly prejudice Plaintiffs and would no longer be appropriate.

On September 11, 2023, Magistrate Judge Edison entered a Notice of Resetting (ECF No. 31), rescheduling the initial pretrial conference for April 3, 2024. The Court's Initial Scheduling Order, however, provides that the parties may commence discovery prior to the initial pretrial conference. ECF No. 4, ¶ 6. Plaintiffs thus believe that the parties should commence discovery and estimate that discovery in this action can reasonably be completed in six months.

Lastly, Plaintiffs note that the Federal Defendants' deadline to answer the Complaint was on August 31, 2023, and they have failed to file any response. The Stanford Defendants' response deadline is October 2, 2023.

**Federal Defendants' Position**

On September 8, 2023, this Court granted Defendants' motion to stay these proceedings pending resolution of the appeal in the related case *Missouri v. Biden.* ECF No. 30. The Court concluded that the resolution of the appeal in *Missouri* "is highly likely to affect the progression of this case" given the "high degree of overlap between the legal issues presented in both cases." *Id.* at 2-3. As explained below, because appellate proceedings in *Missouri* are still ongoing at both the United States Court of Appeals for the Fifth Circuit and the Supreme Court, Defendants respectfully request that the stay of proceedings in this case continue until final resolution of the *Missouri* appeal, including resolution by the Supreme Court.

3

On September 8, 2023, the Fifth Circuit issued its decision affirming in part and reversing in part the district court's opinion and vacating the injunction in part and modifying the injunction in part. *State v. Biden*, No. 23-230445, 2023 WL 5821799 (5th Cir. Sept. 8, 2023). The Fifth Circuit concluded that the States and individual plaintiffs had standing, and that plaintiffs were likely to succeed on the merits of their First Amendment claims against the White House, the Office of Surgeon General, the Centers for Disease Control and Prevention and the Federal Bureau of Investigation. *Id.* at *7-26. The Fifth Circuit further concluded that Plaintiffs were unlikely to succeed on the merits of their claims against the other Defendants, including the Cybersecurity and Infrastructure Security Agency (CISA). *Id.* at *26-27. The Fifth Circuit also held that the district court's injunction was overboard and modified the injunction to state:

> Defendants, and their employees and agents, shall take no actions, formal or informal, directly or indirectly, to coerce or significantly encourage social-media companies to remove, delete, suppress, or reduce, including through altering their algorithms, posted social-media content containing protected free speech. That includes, but is not limited to, compelling the platforms to act, such as by intimating that some form of punishment will follow a failure to comply with any request, or supervising, directing, or otherwise meaningfully controlling the social-media companies' decision-making processes.

*Id.* at *32. The Fifth Circuit extended the administrative stay for ten days to permit the Defendants to file an application to the Supreme Court. *Id.* at *33.

The Government promptly applied to the Supreme Court for a stay of the preliminary injunction pending the filing and disposition of their forthcoming petition for a writ of certiorari and any further proceedings in that Court. *See* Ex. A at 1. The Government further requested an administrative stay while the Supreme

4

Court considered the application. *Id.* The Government noted that to expedite further proceedings, it intends to file a petition for a writ of certiorari by October 13, but if the Court wished to expedite matters further, it could construe the stay application as a petition for a writ of certiorari and grant the petition without further briefing. *Id.* at 6.

On September 14, 2023, Justice Alito administratively stayed the preliminary injunction until 11:59 p.m. (EDT) on September 22, 2023, and ordered that any response to the application be filed on or before September 20, 2023. *Murthy v. Missouri*, No. 23A243, 2023 WL 5968043, at *1 (S. Ct. Sept. 14, 2023). The *Missouri* Plaintiffs filed their response to the application and noted, among other things, that they plan to file a petition for panel rehearing in the Fifth Circuit on September 22, 2023. *See* Ex. B at 40. The *Missouri* Plaintiffs stated that if the Supreme Court were to grant the Government's request to treat the stay application as a petition for a writ of certiorari, it should add the following two proposed Questions Presented: "(1) Whether the Fifth Circuit erred in vacating the injunction as to [CISA] and related entities; and (2) Whether the Fifth Circuit's formulation of the standards for government action provide sufficient protection to fundamental First Amendment interests." *Id.* The Government filed a reply in support of the stay application on September 21, 2023. *See* Ex. C. On September 22, 2023, Justice Alito extended the administrative stay until 11:59 p.m. (EDT) on September 27, 2023.

Given these developments, which will unquestionably directly inform any further proceedings in this case, Defendants respectfully request that the stay be

5

extended until the final resolution of appellate proceedings in *Missouri*, including resolution by the Supreme Court. First, the Fifth Circuit proceedings have not yet concluded, as the *Missouri* Plaintiffs have indicated that they are going to seek panel rehearing, apparently on the issues of whether the Fifth Circuit erred in concluding that they were unlikely to succeed on their claim that CISA violated the First Amendment and whether the Fifth Circuit applied the correct standards for finding state action implicating the First Amendment. Second, the proceedings in the Supreme Court in *Missouri* implicate issues that directly overlap with the issues in this case, including Article III standing, whether the Fifth Circuit has articulated the correct standards for the state action doctrine and whether the Defendants have violated the First Amendment, and the appropriate scope of injunctive relief. Because final resolution of the appeals in *Missouri*, including disposition by the Supreme Court, will significantly inform any future proceedings in this case, a continuation of the stay is appropriate.

Finally, Plaintiffs' claim that the Federal Defendants' deadline to respond to the Complaint has passed is incorrect. The Federal Defendants filed their motion to stay proceedings on August 4, 2023, in advance of the deadline for responding to Plaintiffs' complaint. ECF No. 11. The Court granted the Federal Defendants' motion on September 8, 2023, and stayed all proceedings. ECF No. 30. That stay is still in place. Accordingly, Plaintiffs' suggestion that the Federal Defendants have not met their deadline to respond to the Complaint is misplaced.

For these reasons, Defendants propose that the parties file a joint status report 14 days after the final disposition of Missouri by the Supreme Court.

**<u>Stanford Defendants' Position</u>**

The Stanford Defendants agree that the stay should not be lifted until the conclusion of the Supreme Court proceedings in *Missouri v. Biden*, for the reasons explained by the Federal Defendants. The Stanford Defendants further note that their prior October 2, 2023 deadline to respond to the complaint has been stayed and is inoperative. If the Court lifts the stay in this matter, the Stanford Defendants propose that the parties meet and confer to propose a unified schedule for briefing all defendants' motions to dismiss.

                                                                 Respectfully submitted,

/s/ Casey B. Norman
Casey B. Norman*
Litigation Counsel
New York Bar # 5772199
Casey.Norman@ncla.legal
*Motion to Be Admitted as Attorney-in-Charge Forthcoming*

/s/ Margaret A. Little
Margaret A. Little
Senior Litigation Counsel
Connecticut Bar # 303494
Peggy.Little@ncla.legal
*Pro Hac Vice Admission Forthcoming*

NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
Telephone: (202) 869-5210
Facsimile: (202) 869-5238

\* Admitted only in New York and Ohio. DC practice limited to matters and proceedings before United States courts and agencies. Practicing under members of the District of Columbia Bar.

/s/ S. Michael McColloch

S. MICHAEL MCCOLLOCH, PLLC
S. Michael McColloch
Texas Bar # 13431950
Telephone: (214) 643-6055
smm@mcculloch-law.com
KAREN COOK, PLLC
Karen L. Cook
Texas Bar # 04738920
Telephone: (214) 643-6054
karen@karencooklaw.com
6060 N. Central Expressway, Suite 500
Dallas, Texas 75206

*Attorneys for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JOSHUA E. GARDNER
Special Counsel

*/s/ Alexander V. Sverdlov*
ALEXANDER V. SVERDLOV (NY Bar 4918793)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
110 L Street NW
Washington, DC 20005
Tel: (202) 305-8550
Email: alexander.v.sverdlov@usdoj.gov

*/s/ Pardis Gheibi*
PARDIS GHEIBI (D.C. Bar No.

90004767)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-3246
Email: pardis.gheibi@usdoj.gov

*Counsel for Federal Defendants*