United States District Court
Southern District of Texas
**ENTERED**
May 13, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRIANNE DRESSEN, *et al.*, | § § | |
| Plaintiffs. | § § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-00155 |
| ROB FLAHERTY, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

This case has been referred to me for all pretrial purposes. *See* Dkt. 98. Having reviewed the First Amended Complaint (Dkt. 42), the operative pleading in this matter, I can discern "no obvious factual nexus to the Galveston Division." Gal. Div. R. Prac. 16.[1] Only one of the six plaintiffs, Ernest Ramirez, resides in Texas. But Mr. Ramirez lives in Edinburg, Texas, which is in the McAllen Division, not the Galveston Division. *See* Dkt. 42 at 12. The defendants are either federal government agencies, former federal officials—most of whom are sued in their individual capacities as well as their official capacities—or affiliates of Stanford University, which is located in Stanford, California. *See id.* at 13–16. If there is any connection between any defendant and the Galveston Division, it is not apparent from the face of the First Amended Complaint.

The court will retain jurisdiction only upon sufficient showing that this case meets the private- and public-interest factors illustrated in *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). Without that showing, this court "may transfer any civil action to any other district or division where it might have

---

[1] "The court will screen for [matters in the Galveston Division with no factual nexus to the division] at the initial scheduling conference." Gal. Div. R. Prac. 16. The initial scheduling conference that was set before me on August 23, 2023, *see* Dkt. 4, was repeatedly postponed and eventually cancelled. *See* Dkts. 14, 31, 37, 40. Thus, the recent transfer of this case to my docket is the first opportunity I have had to evaluate the propriety of venue in the Galveston Division.

been brought" if it is "in the interest of justice." 28 U.S.C. § 1404(a). Transfers by a court *sua sponte* are a "long-approved practice," provided the parties have notice and an opportunity to show cause why the case should not be transferred. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quotation omitted); *see also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) (finding no abuse of discretion where court *sua sponte* transferred venue).

The parties are ordered to confer and discuss whether venue is proper in the Galveston Division.[2] If the parties agree that venue should be transferred to a different division or district, they should file a joint letter with the court by Tuesday, May 27, 2025, explaining their position. If any or all parties believe venue *is* proper in the Galveston Division, they should submit briefing of no more than 10 pages in length by Tuesday, May 27, 2025, explaining why this case should not be transferred. If any party files briefing arguing that this case should remain in this division, any opposed party will have until Tuesday, June 10, 2025, to respond with briefing of no more than 10 pages in length. Replies are not permitted. The parties must confer and file only one brief per side (pro- v. anti-transfer).

SIGNED this 13th day of May 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] Setting aside the question of whether this case has a factual nexus to the Galveston Division, the Stanford Defendants—the Board of Trustees of the Leland Stanford University, the Leland Stanford Junior University, Alex Stamos, and Renée Diresta—argue that venue is improper in the Southern District of Texas. *See* Dkt. 85 at 27–28. Assuming, without deciding, that such an argument is correct, I will not dismiss a case that has been on this court's docket for two years for lack of venue. If venue is truly improper in the Southern District of Texas—an issue on which I express no opinion right now—I would simply transfer this case to another "district or division where it might have been brought." 28 U.S.C. § 1406(a).